Joe BALANDRAN; Dolores Balandran, Plaintiffs–Appellants,

v.

SAFECO INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 97–50013.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1997.

John R. Harison, Jr., San Antonio, TX, for Plaintiffs–Appellants.

Brian Lynn Blakeley, Blakeley & Associates, San Antonio, TX, for Defendant–Appellee.

Before DeMOSS and DENNIS, Circuit Judges, and ROSENTHAL, District Judge.*

PER CURIAM:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION, ART. 5, § 3-C AND TEX. R. APP. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is Joe Balandran and Dolores Balandran, Plaintiffs–Appellants v. Safeco Insurance Company of America, Defendant–Appellee, Case No. 97–50013, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas. This case involves a determinative question of state law, and jurisdiction of the case in the federal courts is based solely on diversity of citizenship.

## II. STATEMENT OF THE CASE

Appellee Safeco Insurance Company of America (Safeco) issued Appellants Joe and Dolores Balandran (the Balandrans) a standard homeowners' insurance policy known as the "Texas Homeowners Policy—Form B." The State Board of Insurance adopted that

* District Judge for the Southern District of Texas, sitting by designation.

form in February 1990, placing it into service in 1991. The parties do not dispute that at all times relevant to this action the Balandrans were insured under this policy.

"Section I—Perils Insured Against" of the Balandrans' insurance policy provides two types of coverage for property loss. The first, entitled "Coverage A (Dwelling)," (hereinafter "Coverage A") insures the actual dwelling and protects against "all risks" of physical loss not expressly·excluded in the policy. One express exclusion, at issue here, is found in Subsection 1(h) of Section I—Exclusions (hereinafter "Subsection (h)"). That provision excludes from coverage losses "caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof·structures, walks, drives, curbs, fences, retaining walls or swimming pools."

The second type of coverage provided in the Balandrans' policy is entitled "Coverage B (Personal Property)" (hereinafter "Coverage B"). Unlike Coverage A, which covers "all risks" to the dwelling, Coverage B only insures against physical loss to personal property resulting from twelve enumerated risks. The ninth enumerated risk, which is at issue in this case, provides coverage for the "accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system or household appliance" (hereinafter "Accidental Discharge Peril"). Additionally, the wording of the Accidental Discharge Peril expressly provides that Subsection (h) does not exclude from coverage losses caused by that peril.

In September 1993, the Balandrans filed a coverage claim with Safeco for damages to their home that resulted when water leaked from a broken sewer line under the home's foundation. The leak caused the soils around the foundation to expand, damaging the foundation itself as well as the interior and exterior finishes of the home. After investigating the matter, Safeco·denied coverage and refused to pay the Balandrans' claim. The Balandrans subsequently sued Safeco in state court for breach of contract. Safeco then removed the case to the United States District Court for the Western District of Texas based on diversity jurisdiction.

In October 1996, the case was tried in federal court to a jury and a verdict was returned in favor of the Balandrans. The jury found that the damage to the Balandrans' home was caused by the leaky sewer line and awarded the Balandrans $66,500. Shortly thereafter, Safeco moved for judgment as a matter of law, asserting that the Balandrans' claim was excluded from coverage under Subsection (h). The district court granted the motion and entered judgment in favor of Safeco. The Balandrans filed the instant appeal, claiming that Subsection (h) does not exclude from coverage losses that fall within the Accidental Discharge Peril.

On June 30, 1997, during the pendency of the instant appeal, another Fifth Circuit panel. decided the case of *Sharp v. State Farm Fire & Casualty Insurance Co.,* 115 F.3d 1258 (5th Cir.1997). In that case we affirmed the district court's decision granting summary judgment to State Farm because the policy issued to the Sharps unambiguously excluded coverage for damage to their house that resulted from a foundation shift caused by a subsurface plumbing leak. However, on July 9, 1997, the Supreme Court of Texas issued its opinion in *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444 (1997), in which the court affirmed recovery by a homeowner for damages to the dwelling foundation caused by a plumbing leak. The homeowner's policy in *Nicolau* was a version of the Texas Standard Homeowner's Policy which was in use just prior to the 1991 version involved in *Sharp* and here in *Balandran;* and the policy in *Nicolau* contained an exclusion for losses caused by "settling, cracking, bulging, shrinkage, or expansion of foundation," and also contained an express exception that these exclusions do not apply "to losses caused by an accidental discharge, leakage or overflow of water from within a plumbing system." There was, however, no dispute in *Nicolau* as to coverage. Additionally, on August 22, 1997, the Commissioner of

Insurance for the State of Texas issued a bulletin to all property and casualty insurance companies in which the Commissioner explicitly stated that the Department of Insurance does not agree with the decision of the Fifth Circuit in *Sharp;* and stated at great length the Commissioner's belief that the Texas Standard Homeowner's Policy does cover structural and cosmetic damage to a dwelling that results from a foundation shift which was caused by a plumbing leak beneath the house. Given these developments after our Circuit's decision in *Sharp* and recognizing the obligation of our federal court in a diversity case to apply state law when construing the insurance contract involved in this case, we believe that insureds and insurers in Texas will be best served by certifying the policy coverage question in this case to the Supreme Court of Texas for a final and definitive resolution.

### III. QUESTION CERTIFIED

Whether the exclusion in Subsection (h) of the 1991 Texas Standard Homeowner Policy—Form B excludes from coverage damage to a dwelling caused by a movement of its foundation that was caused by an underground plumbing leak?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.