REVISED - June 27, 2000

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-50988

DENNIS GEHL; CONNIE GEHL, WIFE

Plaintiffs-Appellants,

versus

STATE FARM FIRE AND CASUALTY COMPANY

Defendant-Appellee,

Appeal from the United States District Court
for the Western District of District of Texas, San Antonio Division

June 27, 2000

Before WIENER and STEWART, Circuit Judges, and ROSENTHAL,[*]

CARL E. STEWART, Circuit Judge:

This case involves a dispute regarding the scope of coverage of a homeowner insurance policy. For the reasons assigned, we reverse the district court's grant of summary judgment to the insurance provider.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

Factual and Procedural History

The appellants, Dennis and Connie Gehl (the "Gehls"), sustained damage to rental property they owned in San Antonio, Texas. Apparently, the foundation had shifted due to plumbing leakage. The Gehls had executed a Texas Dwelling Policy Form 3 ("TDP-3") with State Farm Fire and Casualty Company ("State Farm"). The TDP-3 is divided into two coverage sections, "Coverage A" and "Coverage B". Coverage A provided coverage for those losses, not excluded by the General Exclusions, that occur to the dwelling itself. "Coverage B" provided coverage for personal property located on the insured's property. The Gehls elected not to purchase "Coverage B" protection.

In May 1996, the Gehls reported the damage to their property to State Farm. After inspecting the property, State Farm in September 1996 sent the Gehls a letter denying their claim. Consequently, the Gehls filed suit against State Farm in Texas district court for breach of contract, negligence, and breach of duty of good faith and fair dealing. The Gehls also sued for violations under the Texas Insurance Code and the Texas Deceptive Trade Practice Act. State Farm removed the case to federal court based on diversity jurisdiction. State Farm moved for summary judgment claiming that the Gehls' claim was excluded from coverage under the policy's general exclusion provision. The Gehls did not file a response to the summary judgment motion. The district court granted State Farm's motion for summary judgment. The Gehls appeal the district court's ruling.

DISCUSSION

We review a district court's construction of an insurance contract de novo. See Farm Credit Bank of Texas v. Guidry, 110 F.3d 1147, 1149 (5th Cir. 1997). As stated above, there are two categories of coverage under the TDP-3, "Coverage A" and "Coverage B." "Coverage A" pertains to losses and damages sustained to the dwelling. "Coverage B" pertains to losses and damage

2

sustained to personal property located on the dwelling.  The policy also contains a section captioned

"PERILS INSURED AGAINST."  In pertinent part, this section reads:

> **Coverage A (Dwelling).** We insure against all risks of physical loss to the property described in Coverage A (Dwelling) unless the loss is excluded in General Exclusions.
>
> **Coverage B (Personal Property)**.  We insure for direct physical loss to the property described in Coverage B (Personal Property) caused by a peril listed below unless the loss is excluded in General Exclusions.

Under the "Coverage B" subsection for "PERILS INSURED AGAINST," the policy lists 10 specific

perils that are covered.  Pertinent to the instant case, the ninth peril listed states;

> **Accidental Discharge, Leakage or Overflow of Water or Steam** from within a <u>plumbing</u>, heating or air conditioning system or household appliance.
>
> A loss resulting from this peril includes the cost of tearing out and replacing any part of the building necessary to repair or replace the system or appliance.  But this does not include loss to the system or appliance from which the water or steam escaped.
>
> *Exclusions 1.a through 1.i under* **General Exclusions** *do not apply to loss caused by this peril.*

(emphasis added).

The General Exclusions section identifies several categories of losses and damages that are

not covered by the policy.  The pertinent general exclusion, 1.i, provides that: "We do not cover loss

under Coverage A (Dwelling) caused by setting, cracking, bulging, shrinkage or expansion of

foundations. . . ."

The Gehls argue that the last clause listed under the ninth peril of the "PERILS INSURED

AGAINST" section (the "exclusions repealer clause"), repeals General Exclusion 1.i.  Thus the

Gehls' foundation damage due to the plumbing leakage is covered under the Policy.  State Farm on

the other hand argues that the Gehls should not receive the benefit of the "exclusions repealer clause"

3

because the Gehls did not purchase "Coverage B" protection.  The district court adopted State Farm's approach and ruled that the Gehls' claim was not covered.

The scope of coverage under TDP-3 and similar policies have been the source of heated litigation in previous cases before this court and in the state of Texas.  In Sharp v. State Farm Fire & Cas. Ins. Co., (5th Cir. 1997), the court reviewed virtually an identical homeowner's insurance policy and held that the exclusion repealer provision listed under "Coverage B" did not apply to the general exclusions applicable to "Coverage A."   Because the policy "divide[d] dwelling losses and personal property losses into separate coverages," Sharp reasoned that it would be "nonsensical, and a rejection of the obvious structure of the policy, to reach into text that applies solely to Coverage B (Personal Property) to determine the extent of coverage provided under Coverage A (Dwelling)." Id 115 F.3d at 1262.  The Sharp opinion was issued when Balandran v. Safeco Ins. Co., 129 F.3d 747 (5th Cir. 1997) was pending before this court.  Balandran raised the same coverage issue. Furthermore, after the Sharp opinion was issued, the Texas Insurance Commissioner issued a bulletin attacking  Sharp and warning that insurers would be exposed to penalties if they denied coverage for losses and damages to the dwelling due to plumbing leaks.  As a result of the conflicting views expressed by Sharp and the Texas Insurance Commissioner, this court certified the coverage issue raised in Balandran to the Texas Supreme Court.   The Texas Supreme Court found that the policy was ambiguous and construed the policy to provide coverage for losses to the dwelling due to plumbing leakage.  See Balandran v. Safeco Ins. Co of America, 972 S.W.2d 738, 741 (Tex. 1998). The state high court declared the policy to be ambiguous because the policy could reasonably be interpreted to exclude coverage or to provide coverage for foundation damage due to plumbing leakage.   See id.  As such, the court construed the  ambiguity in favor of the insured. See id.

4

Furthermore, the court reviewed the background surrounding the promulgation of the insurance form and determined that although the exclusion repealer section is listed under "Coverage B," the repealer nonetheless applies to "Coverage A." See id. at 742. Although the court recognized that Sharp's interpretation was reasonable, the court nonetheless rejected Sharp's contention that the placement of the exclusions repealer clause limited the scope of the repealer to "Coverage B."

State Farm argues that the instant case is distinguishable from Balandran because the Gehls did not purchase "Coverage B" protection. However, while this case was pending, a panel of this court addressed an identical coverage issue in Sczepanik v. State Farm Fire and Casualty Co., 2000 WL 504129 (5th Cir. (Tex. 2000). Similar to the instant case, the Sczepaniks sustained foundation damage to their rental property due to plumbing leakage, and did not purchase "Coverage B" protection. The court rejected State Farm's argument that Balandran was not controlling because the Sczepaniks did not purchase "Coverage B" protection. Furthermore, the court asserted that whether the Sczepaniks purchased "Coverage B" protection was immaterial because the Texas Supreme Court in Balandran declared that the exclusion repealer clause did not apply exclusively to "Coverage B," but applied also to losses to the dwelling under "Coverage A." See Sczepanik, 2000 WL 504120 at 5.

Because the policy and the facts in Sczepanik are identical in all material aspects to the instant case, we are bound by the result reached by the Sczepanik panel. As such, we hold that the district court erred when it granted summary judgment to State Farm.

CONCLUSION

We REVERSE the district court's grant of summary judgment to State Farm and REMAND for further proceedings. All motions that are carried with the case are rendered moot.

5

REVERSED AND REMAND.